MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY  10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email:  joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NATHANIEL LEWIS,

                Plaintiff,

           v.

MICHAEL CHERTOFF, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 1322 (JGK) (THK)
ECF Case

**ANSWER**

       Defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security, by his

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

answers the complaint of plaintiff Nathaniel Lewis upon information and belief as follows:

       1.      Paragraph 1 of the complaint sets forth plaintiff's characterization of this action

and allegations regarding jurisdiction, to which no response is required.

       2.      Paragraph 2 of the complaint sets forth plaintiff's allegations regarding

jurisdiction, to which no response is required.

       3.      Admits the allegations in paragraph 3 of the complaint.

       4.      Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4 of the complaint, except admits that plaintiff was born on June 6,

1941, and that plaintiff has been an employee with United States Customs and Border Protection

("CBP"), and its predecessor, the United States Customs Service, since 1983.

     5.     Admits the allegations in paragraph 5 of the complaint.

     6.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 6 of the complaint.

     7.     Denies the allegations in paragraph 7 of the complaint, except avers that Michael

Chertoff has been Secretary of the United States Department of Homeland Security since

February 15, 2005.  To the extent paragraph 7 of the complaint sets forth conclusions of law, no

response is required.

     8.     Admits the allegations in paragraph 8 of the complaint.

     9.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 9 of the complaint.

     10.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 10 of the complaint, except admits that plaintiff was a National Import

Specialist Assistant prior to his assignment as a Field National Import Specialist.

     11.     Admits the allegations in paragraph 11 of the complaint.

     12.     Denies the allegations in paragraph 12 of the complaint, except admits that

Vacancy Announcement HQORR/03-004GH was announced as a GS-13/14 position.

     13.     Denies the allegations in paragraph 13 of the complaint, except avers that CBP

may announce a vacant position at two GS-levels in order to enable the selection of persons in a

lower grade who would not otherwise meet the minimum in-grade requirement for the position.

     14.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 14 of the complaint.

15.     Admits the allegations in paragraph 15 of the complaint.

16.     With respect to paragraph 16 of the complaint, admits that Richard Laman (Caucasian male, born 1952) and Deborah Marinucci (Caucasian female, born 1967) were selected to the position of National Import Specialist, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint, but avers that Richard Swierupski, in his capacity as Director, National Commodity Specialist Division, recommended Mr. Laman and Ms. Marinucci for the National Import Specialist vacancies to his superior, who made a further recommendation to the deciding official.

18.     Denies the allegations in paragraph 18 of the complaint, and avers that Robert Swierupski based his recommendation of Mr. Laman and Ms. Marinucci to his superior in part on Mr. Swierupski's personal observation of Mr. Laman and Ms. Marinucci.

19.     With respect to paragraph 19 of the complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff acted promptly; admits that plaintiff sought counseling; denies that plaintiff subsequently filed a formal complaint of discrimination against his employer on the bases of race, color, national origin and age; and avers that plaintiff filed a formal complaint of discrimination against his employer on the bases of race, color, gender, and age.

20.     Denies the allegations in paragraph 20 of the complaint, and avers that Mr. Swierupski, in his capacity as Director, National Commodity Specialist Division, recommended three additional promotions to the position of National Import Specialist.

21.     Denies the allegations in paragraph 21 of the complaint.

22.    Admits the allegations in paragraph 22 of the complaint.

23.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24.    Admits the allegations in paragraph 24 of the complaint.

25.    (a) Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph 25 of the complaint.

(b) Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 25 of the complaint, except admits that Marjorie DeLoach is a White female, and avers that Ms. DeLoach was the ranking member of the rating board for vacancy HQ-ORR/03-004GH, National Import Specialist.

26.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint.

27.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 27 of the complaint that plaintiff acted in compliance with the instructions of CBP, and admits the remaining allegations in paragraph 27 of the complaint.

28.    Denies the allegations in paragraph 28 of the complaint that neither CBP nor DHS responded to plaintiff's attempts to obtain a final decision without a hearing, and admits the remaining allegations in paragraph 28 of the complaint.

29.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint, but admits that plaintiff's counsel sent a letter dated January 3, 2008, to the CBP Complaints Processing Center, and respectfully refers the Court to that letter for a true and accurate statement of its contents.

30.    Paragraph 30 of the complaint sets forth a legal conclusion, to which no response is required.

## CLAIM I:  FAILURE TO PROMOTE

31.    Responds to the allegations in paragraph 31 of the complaint by re-alleging each and every answer and response contained in paragraphs numbered 1 through 30 as if fully set forth herein.

32.    Denies the allegations in paragraph 32 of the complaint.

33.    Denies the allegations in paragraph 33 of the complaint.

## CLAIM II:  RETALIATION

34.    Responds to the allegations in paragraph 34 of the complaint by re-alleging each and every answer and response contained in paragraphs numbered 1 through 33 as if fully set forth herein.

35.    Paragraph 35 of the complaint sets forth a legal conclusion, to which no response is required.

36.    Denies the allegations in paragraph 36 of the complaint.

37.    Denies the allegations in paragraph 37 of the complaint.

38.    Denies the allegations in paragraph 38 of the complaint.

39.    Denies the allegations in paragraph 39 of the complaint.

## FIRST DEFENSE

Plaintiff has failed to mitigate his damages.

## SECOND DEFENSE

Plaintiff's demand for damages exceeds the limits imposed by 42 U.S.C. § 1981a(b)(3).

THIRD DEFENSE

Punitive damages are not available in employment discrimination actions against the Government, its agencies, or political subdivisions.

FOURTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to any claim for equitable and injunctive relief.

FIFTH DEFENSE

Federal employees such as plaintiff are not entitled under the Age Discrimination in Employment Act of 1967 ("ADEA") to a jury trial.

SIXTH DEFENSE

Federal employees such as plaintiff are not entitled under the ADEA to recover compensatory damages, punitive or liquidated damages, or pre-judgment interest.

WHEREFORE, defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security, demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
     May 19, 2008

          MICHAEL J. GARCIA
          United States Attorney for the
          Southern District of New York
          Attorney for Defendant

By:      s/ Joseph N. Cordaro
          JOSEPH N. CORDARO
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, NY  10007
          Telephone: (212) 637-2745
          Facsimile:  (212) 637-2686
          Email: joseph.cordaro@usdoj.gov