UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NATHANIEL LEWIS,

        Plaintiff,

    v.

MICHAEL CHERTOFF, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 1322 (JGK) (THK)
ECF Case

JOINT SCHEDULING REPORT
PURSUANT TO RULE 26(f)

and Order.

In accordance with Fed. R. Civ. P. 26(f), the parties have conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and to develop a proposed discovery plan. The parties report to the Court as follows:

1.    <u>Discussion of Claims, Defenses, and Relevant Issues</u>:

Plaintiff has brought this action against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII") Plaintiff, an African-American male born on June 6, 1941, has been employed by CBP, and its predecessor, the United States Customs Service, since 1983. Plaintiff alleges that in or about September 2004, his application for promotion from the position of Field National Import Specialist to National Import Specialist was denied on the basis of his race, color, and age. Plaintiff thereupon filed an administrative claim with CBP alleging discrimination. Plaintiff alleges that while his administrative claim was pending, CBP engaged in retaliation by selecting three other employees to the position.

Based on the information currently available, defendant denies liability under Title VII and asserts that CBP had legitimate, nondiscriminatory and non-retaliatory reasons for its

selections to the position of National Import Specialist. These selections were based on the qualifications of the applicant pool. While the five selectees (one male and four females) were white, two were over the age of fifty, and one was over the age of forty.

2. <u>Informal Disclosures</u>: The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by <u>July 15, 2008</u>.

3. <u>Discovery Plan</u>: The subjects on which disclosure may be needed include all issues relevant to, or likely to lead to relevant information concerning, the claims and defenses of the parties. These subjects include, *inter alia*, the facts alleged in the complaint; the qualifications and experience of the applicants for the position of National Import Specialist; the selection process for the position; the race, gender, and age of the employees selected for the position; the race, gender, and age of the employees who made the recommendations and selections for the position; the work history of Plaintiff and the applicants selected for the position; and expert testimony. The parties jointly propose the following discovery schedule:

(1) Joinder of additional parties shall be accomplished by <u>August 15, 2008</u> unless new information supporting such joinder is discovered thereafter.

(2) Motions to amend the pleadings shall be served by <u>August 15, 2008</u> unless new information supporting such motions is discovered thereafter.

(3) Fact discovery shall be completed no later than <u>December 1, 2008</u>.

(4) The parties will exchange Fed. R. Civ. P. 26(a)(2)(A) expert testimony disclosures no later than <u>December 1, 2008</u>.

(5) Plaintiff's expert report(s) shall be served no later than <u>December 31, 2008</u>.

(6) Defendant's expert report(s) shall be served no later than <u>January 30, 2009</u>.

(7) Rebuttal expert report(s) shall be served no later than <u>February 17, 2009</u>.

(8) All discovery shall be completed no later than <u>February 17, 2009</u>. Interim deadlines may be extended by the parties on consent without application to the Court, provided the parties believe they can still meet the discovery completion date ordered by the Court.

2

(9) No later than February 24, 2009, the parties shall request a pre-motion conference for dispositive motions.

4. **Early Settlement or Resolution:** While the parties are open to the possibility of settlement discussions, substantive negotiations have not taken place at this time.

Dated: New York, New York
       May 23, 2008

| LAW OFFICES OF K.C. OKOLI, P.C. | MICHAEL J. GARCIA |
|---|---|
| *Attorneys for Plaintiff* | United States Attorney for the Southern District of New York |
| | *Attorney for Defendant* |
| By: [signature] | By: [signature] |
| K.C. OKOLI, ESQ. | JOSEPH N. CORDARO |
| 330 Seventh Avenue, 17th Floor | Assistant United States Attorney |
| New York, New York 10001 | 86 Chambers Street, 3rd Floor |
| Telephone: (212) 564-8152 | New York, New York 10007 |
| Facsimile: (212) 268-3443 | Telephone: (212) 637-2745 |
| Email: kcokoli@verizon.net | Facsimile: (212) 637-2686 |
| | Email: joseph.cordaro@usdoj.gov |

Parties shall report to the Court by 6/13/08 whether they consent to trial before the Magistrate Judge.

So ordered.

[signature] 6/6/08

5/29/08   U.S.D.J.